UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:15-cr-00073-DMB-JMV

STEVEN HAYNES, a/k/a, "Pap", "Papoo"

### PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

GUILTY PLEA: The defendant agrees to plead guilty under oath to Counts One and Four of the Fourth Superseding Indictment, which charges:

    a.    Count One: Beginning on a date unknown, but on or about January 2014, and continuing until June 2015, Steven Haynes did knowingly and intentionally conspire with Derrick Jones, Craig Haynes, Octavious Conner, Antonio Lewis, Cordarell Johnson, Errick Hackler, Reginald Murray and Tony Lewelling and others, to distribute and possess with the intent to distribute in excess of 100 grams of heroin, in violation of Title 21, United States Code, Sections 841(a), (b)(1)(B) and 846, which carry maximum possible penalties of not less than 5 years, not more than 40 years imprisonment, $5,000,000 fine, or both, supervised release for at

       least 4 years, special assessment of $100, and ineligibility for federal benefits up to 5 years.

  b. <u>Count Four</u>: Beginning on a date unknown but on or about January 2014, and continuing until June 2015, Steven Haynes did knowingly and intentionally conspire with Craig Haynes and others to commit money laundering in conducting financial transactions in order to conceal and disguise the nature, location, source, ownership, and control of the proceeds of an unlawful activity in violation of Title 18, United States Code, Section 1956(h) of the United States Code, which carries maximum possible penalties of not more than 20 years imprisonment; not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; not more than 3 years supervised release; and $100 mandatory special assessment.

2. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charges and agrees to dismiss all other counts of the Indictments as to this defendant upon conclusion of sentencing on Counts One and Four.

3. FORFEITURE: The defendant agrees to the forfeiture of all right, title and interest defendant has in certain real and personal property, [handwritten insertion: which were not the product of lawful gain.] The defendant further agrees to execute a Stipulated Order of Forfeiture to be filed in this cause.

2

4. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

5. WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS: Defendant hereby expressly waives any and all rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742, except to claims relating to prosecutorial misconduct or ineffective assistance of counsel relating to the validity of the waiver of appeal or the validity of the guilty plea itself. Defendant also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255 except to claims relating to prosecutorial misconduct or ineffective assistance of counsel relating to the validity of the waiver of appeal or the validity of the guilty plea itself. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. Defendant understands and agrees that the United States does not waive its right to appeal.

6. VIOLATIONS/BREACHES OF THIS AGREEMENT: Should the defendant breach or otherwise violate any provision of this this plea agreement, including attempting to withdraw an already entered guilty plea, the government will be released from any sentencing recommendations or agreements the parties have reached herein and would become free to argue

for any sentence within statutory limits. The defendant's truthfulness is a material condition of this Plea Agreement. Further, if the Government determines, in its own discretion, from the date of Defendant's signing of this plea agreement to the date of Defendant's sentencing, that the defendant has committed or attempted to commit any additional crimes, or has engaged in any conduct constituting obstructing or impeding justice within the meaning of U.S.S.G. § 3C1.1, including any untruthful statements or any false exculpatory statements on behalf of any co-defendant, or has failed to make any Court appearances in this case, then, at its discretion, the United States Attorney may treat such conduct as a breach of this plea agreement. Further, should the defendant have already pleaded guilty or been sentenced, the defendant's guilty plea or sentence will still be in effect and any breach by the defendant does not give any right to withdraw from a guilty plea. Further, should the defendant breach the plea agreement, any statements made by the defendant, including, but not limited to proffers given by the defendant to law enforcement agents and the entry of a guilty plea or the admission of acts committed as detailed to the Court in the entry of the defendant's guilty plea, shall be admissible against the defendant, who expressly waives the provisions of Rule 11(f), Federal Rules of Criminal Procedure, and Rule 410, Federal Rules of Evidence which make such evidence inadmissible.

7. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the pleas of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The

4

defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the 14th day of June, 2017.

ROBERT H. NORMAN
Acting United States Attorney
Mississippi Bar No. 3880

AGREED AND CONSENTED TO:

Steven Haynes
STEVEN HAYNES
Defendant

APPROVED:

DAVID HILL
Attorney for Defendant
Mississippi Bar No. 2444

5